**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY PAUL INGRAM | ) | CASE NO. 4:15-cv-878 |
| 170 Center Street | ) | |
| Struthers, Ohio 44471 | ) | JUDGE |
| | ) | |
| and | ) | |
| | ) | |
| ROSEANNE INGRAM | ) | |
| 170 Center Street | ) | |
| Struthers, Ohio 44471 | ) | |
| | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MAHONING COUNTY, OHIO / | ) | |
| MAHONING COUNTY BOARD OF | ) | |
| COMMISSIONERS | ) | |
| 21 W. Boardman Street | ) | |
| Youngstown, Ohio 44503 | ) | |
| | ) | |
| JERRY GREENE | ) | |
| 110 Fifth Avenue | ) | |
| Youngstown, Ohio 44503 | ) | |
| *Individually and in his official capacity as* | ) | |
| *Mahoning County Sheriff* | ) | |
| | ) | |
| JOHN JOSEPH VARGO, D.O. | ) | |
| 5480 Norquest Boulevard | ) | |
| Austintown, Ohio 44515 | ) | |
| *Individually and in his official capacity as* | ) | |
| *Mahoning County Jail Physician* | ) | |
| | ) | |
| CORRECTIONAL HEALTHCARE | ) | |
| COMPANIES, INC. | ) | |
| c/o Corporate Creations Network, Inc., | ) | |
| *Statutory Agent* | ) | |
| 119 E. Court Street | ) | |
| Cincinnati, Ohio 45202 | ) | |
| | ) | |
| LAKISHA TURNER, R.N. | ) | |
| 110 Fifth Avenue | ) | |

Youngstown, Ohio 44503                                )
*Individually and in her capacity as a*               )
*CHC Employee*                                        )
                                                      )
TERRY WILLIAMS                                        )
110 Fifth Avenue                                      )
Youngstown, Ohio 44503                                )
*Individually and in his official capacity as*        )
*a Mahoning County Employee*                          )
                                                      )
and                                                   )
                                                      )
JOHN DOE #1-10, any physicians, nurses,               )
hospitals, corporations, health care professionals)
or other entities, that provided deliberately        )
indifferent and/or negligent medical care to         )
JEFFREY PAUL INGRAM.                                  )
*Individually or by and through their*                )
*employees and/or agents*                             )
Names and Addresses Unknown                           )
                                                      )
                            *Defendants.*             )

---

## COMPLAINT
### (*Jury Demand Endorsed Hereon*)

---

Now come Plaintiffs, JEFFREY PAUL INGRAM and ROSEANNE INGRAM, by and through counsel, and for their Complaint against Defendants, state as follows:

### I. INTRODUCTION

1.       This civil rights and medical negligence action challenges Defendants' failure to provide adequate medical care to JEFFREY PAUL INGRAM while he was incarcerated at the Mahoning County Jail between November 12 and 20, 2014.  Defendants failed to abide by their own policies and the minimum standards for jails in Ohio related to suicide watch and prevention resulting in catastrophic injury to JEFFREY PAUL INGRAM.  Defendants' failure to provide him with appropriate medical treatment and care caused him severe pain and extended suffering.

2

Plaintiffs bring this action to secure fair compensation and hopefully encourage Defendants to provide appropriate treatment and care for future inmates displaying suicidal risks.

## II. JURISDICTION

2.      Jurisdiction over claims brought under the Civil Rights Act of 1871 is conferred on this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4).  Jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367. Venue is proper in this division.

## III. PARTIES

3.      Plaintiff, JEFFREY PAUL INGRAM (hereinafter "Ingram" or Plaintiff), is and was, at all times material hereto, an individual domiciled and residing in the County of Mahoning, State of Ohio.

4.      Plaintiff, ROSEANNE INGRAM (hereinafter "Consortium Plaintiff"), is and was, at all times material hereto, an individual domiciled and residing in the County of Mahoning, State of Ohio, and the spouse of Ingram.

5.      Defendant MAHONING COUNTY / BOARD OF MAHONING COUNTY COMMISSIONERS is a unit of local government established under the laws of the State of Ohio.  The County is sued through the Mahoning County Ohio Board of County Commissioners who are named only in their official capacity pursuant to O.R.C. § 305.12.  Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

6.      Defendant SHERIFF JERRY GREENE is and was at all times relevant to this action the duly elected Sheriff of Mahoning County, Ohio. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.  He is sued in his individual and official capacities.

7.      Defendant JOHN JOSEPH VARGO, D.O. is, and was at all times relevant to this action, the jail physician serving Mahoning County at the Mahoning County Jail ("the Jail"). Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.  He is sued in his individual and official capacities.

8.      Defendant CORRECTIONAL HEALTHCARE COMPANIES, INC. ("CHC") is a Delaware corporation registered as a foreign corporation in the State of Ohio.  At all times relevant to this case CHC contracted with Defendant Mahoning County to provide medical care to the inmates of the Mahoning County Jail.  Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

9.      Defendant LAKISHA TURNER, R.N. is an employee of Defendant CHC and is duly licensed to practice nursing by and in the State of Ohio. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.  She is sued in her individual and official capacities.

10.     Defendant TERRY WILLIAMS is and was at all times relevant to this action a corrections officer employed by Mahoning County at the Mahoning County Jail.  Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in his individual and official capacity.

11.     Defendants John Doe #1-10, names and addresses unknown, were physicians, nurses, hospitals, corporations, or other entities that provided deliberately indifferent and/or negligent medical or health care, individually or by and through their employees and/or agents, actual or ostensible, to Ingram.  Plaintiff has been unable to identify the names and/or identities of Defendants John Doe #1-10 through the exercise of reasonable diligence.  Plaintiff reserves

4

the right to substitute a named defendant for such John Doe(s) upon discovery of the name and/or identity of any such individual(s) who may have fallen below accepted standards of care.

## IV. FACTS COMMON TO ALL CLAIMS

12.     On November 12, 2014, Ingram was sentenced to 180 days in the Mahoning County Jail for a misdemeanor theft conviction.

13.     Ingram was immediately transferred to the Mahoning County Jail where he was booked and a pre-screening report was performed, which noted that Ingram was prescribed Xanax for anxiety.

14.     During Ingram's initial screening process it was also noted that Ingram was showing signs of benzodiazepine withdrawal syndrome, which is known to cause suicide and suicidal ideations.

15.     Prior to Ingram's confinement on November 12, 2014, he had previously demonstrated suicidal risks to agents and employees of the Mahoning County Jail.

16.     On July 8, 2008, while confined at the Mahoning County Jail, Ingram communicated to a deputy and nurse that he wanted to hurt himself.  Ingram admitted to past and present thoughts of suicide and was placed on suicide watch.  Ingram further acknowledged previous suicide attempts

17.     On September 13, 2013, while confined at the Mahoning County Jail, Ingram communicated suicidal ideations to a deputy.  Ingram was placed on suicide watch.

18.     On November 13, 2014, the day after Ingram was booked for his most recent confinement, he attempted suicide by hanging himself with a linen bed sheet.  Jail personnel intervened and Ingram was immediately placed on suicide watch.

19.     On the day after Ingram's suicide attempt, November 14, 2014, Defendant JOHN JOSEPH VARGO, D.O. discharged Ingram to the general population of the jail facility. Defendant LAKISHA TURNER, R.N. signed the medical unit discharge summary.

20.     On November 20, 2014, Defendant TERRY WILLIAMS encountered Ingram in the common area of Ingram's jail pod during recreation time.  Inmates are not permitted in the pod during recreational time without permission.   Defendant WILLIAMS failed to take affirmative steps to remove Ingram from the jail pod or to make reasonable inquiry to determine Ingram's intentions.

21.     Immediately thereafter, Ingram walked to the top floor of the jail pod and proceeded to ascend up onto the top railing therein, which looks over the common area.  He stood on top of the railing for approximately 31 seconds, and intentionally leaned forward causing him to fall a substantial distance and land on his back.  No person attempted to intervene during this suicide attempt.

22.     As a result of the fall, Ingram sustained multiple fractures to his back, catastrophic injury and paralysis.

23.     Directive Number 617.14 promulgated by the Mahoning County Sheriff's Office provides, in part, that "[o]nly a qualified mental health professional may remove prisoners from suicide risk status."

24.     O.A.C. 5120:1-8-09, which sets forth the minimum jails standards for the State of Ohio, also provides that "[o]nly a qualified mental health professional may remove prisoners from suicide risk status."

25.     Upon information and belief, Ingram was not discharged from suicide watch on November 14, 2014, by a qualified mental health professional.

6

26.     Upon information and belief, JOHN JOSEPH VARGO, D.O. did not clinically evaluate Ingram and/or personally observe and assess Ingram prior to his discharge from suicide watch.

27.     Ingram was still at risk for suicide at the time of his discharge due to his prior suicide attempt, suicidal ideations and benzodiazepine withdrawal syndrome.  Ingram's symptoms demonstrated a serious medical need.

28.     Defendants JOHN JOSEPH VARGO, D.O. and LAKISHA TURNER, R.N. knew that Ingram was experiencing suicidal ideations, had attempted suicide and was experiencing benzodiazepine withdrawal between November 12 and 20, 2014, and yet, failed to properly examine and assess him and/or consult with a qualified mental health professional.

29.     Defendants JOHN JOSEPH VARGO, D.O. and LAKISHA TURNER, R.N. knew that Ingram's symptoms posed a substantial risk of serious harm to himself.

30.     The conduct of Defendants JOHN JOSEPH VARGO, D.O. and LAKISHA TURNER, R.N. was negligent, knowing, intentional, reckless, wanton, and deliberately indifferent to the serious medical needs of Ingram.

31.     At all times relevant to this case the need to provide treatment to inmates that have attempted suicide and/or are experiencing benzodiazepine withdrawal was obvious and known to all of the Defendants.

32.     Prior to the catastrophic injury to Ingram, other inmates had successfully committed suicide at Mahoning County Jail as a direct and proximate result of the deliberate indifference of Mahoning County and its employees/agents.

33.     At all times relevant to this case Defendant CHC was under contract to provide medical services to the inmates at the Mahoning County Jail.

7

34. On information and belief, at all times relevant to this case inmates at the Mahoning County Jail suffering from suicidal ideations or those that had attempted suicide while in Jail were not adequately treated for their symptoms.

35. At all times relevant to this case Defendant SHERIFF JERRY GREENE was the policymaker for Mahoning County with respect to the delivery of medical services at the Mahoning County Jail.

36. On information and belief, and at all times relevant to this case, the jail physician and medical director responsible for clinical services at the Jail was Defendant JOHN JOSEPH VARGO, D.O. He approved medical policies, approved implementation of policies, trained staff, supervised staff, provided treatment to inmates and was responsible for overall clinical treatment of inmates at the Jail.

37. At all times relevant to this case Defendants CHC and JOHN JOSEPH VARGO, D.O. were also policymakers for Mahoning County with respect to the delivery of medical services at the Mahoning County Jail.

38. At all times relevant to this case Defendants CHC and JOHN JOSEPH VARGO, D.O. were joint participants with Defendant SHERIFF JERRY GREENE with respect to establishing policy, practice, procedures, customs, and usages regarding delivery of medical care at the Mahoning County Jail.

39. The failure by the Defendants to treat Ingram's serious medical condition was negligent, knowing, intentional, reckless, wanton, and deliberately indifferent to the serious medical needs of Ingram.

40.    Between September 12, 2014, and September 20, 2014, Defendants failed to take any minimally adequate measures to treat the foreseeable and dangerous symptoms experienced by Ingram.

41.    Defendants MAHONING COUNTY, SHERIFF JERRY GREENE, CHC, and JOHN JOSEPH VARGO, D.O. had policies, practices, customs, and usages that caused prisoners suffering serious suicidal symptoms to remain untreated and/or inadequately treated. Such policies were the moving force behind the injuries suffered by Ingram in this case.  By following such policies, Defendants were deliberately indifferent to the serious medical need of Ingram in this case.  Those policies, practices, customs, and usages included but are not limited to:

a.  the improper delegation of medical tasks to nurses, including Defendant LAKISHA TURNER, R.N.;

b.  The failure to implement a proper on call system that ensured appropriate referrals to a qualified mental health professional;

c.  the failure to follow existing written policies, procedures and protocols;

d.  the failure to implement a system of quality assurance or improvement;

e.  the failure to train medical and corrections staff to ensure that clinicians received all information necessary to provide adequate treatment;

f.  the failure to supervise medical and corrections staff to ensure that all medical policies, practices, customs and usages were properly implemented.

g.  the failure to establish, draft, train staff, implement, and supervise staff regarding additional polices, practices, customs and usages that were obviously needed to adequately treat the needs of inmates suffering from risk of suicide.

42.    All Defendants' failures were negligent, reckless, knowing, intentional, willful, wanton, and deliberately indifferent, and all in contravention of the applicable standard of care.

43.    Defendants MAHONING COUNTY, SHERIFF JERRY GREENE, CHC, and JOHN JOSEPH VARGO, D.O. were also deliberately indifferent to the serious medical needs of Ingram by failing to train and supervise staff and implement jail policies, practices, customs and usages that adequately addressed the obvious known health and safety risks to inmates on suicide watch.

44.    Defendant TERRY WILLIAMS was deliberately indifferent to the serious needs of Ingram by failing to intervene and make reasonable inquiry when encountering Ingram in the jail pod common area during recreational time.

45.    As a direct and proximate result of Defendants' actions, Ingram experienced pain, emotional distress, suffering and paralysis.

46.    As a further direct and proximate result of Ingram's catastrophic injuries, his spouse, ROSEANNE INGRAM, has suffered permanent damages, including but not limited to, the loss of his support, services, and society, including lost companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training and education.

### COUNT I
**(42 U.S.C. §1983)**

47.    The Defendants have, under color of state law, deprived Ingram of rights, privileges and immunities secured by the Fourteenth and Eighth Amendments to the U.S. Constitution, including but not limited to the right to adequate medical care as a prisoner with a right to be free of cruel and unusual punishment.

48.    Defendants JOHN JOSEPH VARGO, D.O. and LAKISHA TURNER, R.N. were each deliberately indifferent to Ingram's serious medical needs.  Each knew that Ingram was at

risk for suicide after his November 13, 2014, attempt, and that he was suffering from signs of benzodiazepine withdrawal.  Each knew that persons in Ingram's position have a serious medical need.  Each failed to provide the needed medical care to Ingram.

49.     Defendants MAHONING COUNTY, SHERIFF JERRY GREENE, CHC, and JOHN JOSEPH VARGO, D.O. failed to adequately train and supervise the Jail corrections officers and medical staff in the intake, assessment and treatment of detainees, including Ingram.

50.     The rules, regulations, customs, policies, procedures and usages of Defendants MAHONING COUNTY, SHERIFF JERRY GREENE, CHC, and JOHN JOSEPH VARGO, D.O. regarding the diagnosis, treatment and management of persons at risk for suicide were inadequate and unreasonable, and were the moving force behind the constitutional deprivations suffered by Ingram.

## COUNT II
### (Medical Negligence)

51.     Defendants, individually or by and through actual or ostensible employees or agents, were professionally negligent and fell below accepted standards of medical care. An *Affidavit of Merit* is attached hereto as ***Exhibit 1*** and incorporated herein by reference.

52.     Defendants, individually or by and through actual or ostensible employees or agents, failed to exercise the degree of care of reasonably skillful, prudent and careful physicians, specialists and/or other health care professionals under the same or similar circumstances by, among other things, discharging Ingram from suicide watch.

53.     As jail physician, Defendant JOHN JOSEPH VARGO, D.O. failed to ensure that adequate policies were in place at the Jail to appropriately identify, diagnose and treat inmates that have attempted suicide while at the Jail.

54.     Defendant JOHN JOSEPH VARGO, D.O. also failed to train and supervise the medical staff to provide services consistent with the standard of care.  Defendant JOHN JOSEPH VARGO, D.O. permitted the nurses to provide medical services beyond that permitted by law given their training, credentials and licensing.

55.     As a direct and proximate result of the negligence of Defendants, Ingram sustained permanent and severe injuries.  Said injuries caused him much pain, suffering and mental anguish, thereby denying him a normal way of life, and resulted in loss of life expectancy.

## COUNT III
### (Reckless Conduct)

56.     After Ingram was admitted to the Jail, Defendants acted in a reckless and willful manner and breached their duty to provide adequate medical care and to protect Ingram during his incarceration, proximately causing injury to Ingram, all in violation of Ohio law.

## COUNT IV
### (Loss of Consortium)

57.     Consortium Plaintiff, ROSEANNE INGRAM, is the wife of Plaintiff, JEFFREY PAUL INGRAM.

58.     By reason of the negligent, knowing, intentional, reckless, wanton and deliberately indifferent actions of Defendants, Consortium Plaintiff lost the services, companionship and consortium of her husband, and will in all likelihood, lose the services, companionship and consortium of her husband for an indefinite length of time.

59.     All of the aforesaid injuries and damages were caused proximately by the actions of Defendants.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, jointly and severally, as follows:

      (a) Judgment against Defendants for compensatory damages in an amount to be determined at trial;

      (b) Punitive Damages (except against Mahoning County)  in an amount to be determined at trial;

      (c) Court costs and interest at the applicable rate;

      (d) All attorney fees and litigation expenses incurred by Plaintiffs in bringing this action; and

      (e) All other relief this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.


Respectfully submitted,


/s/ *Joseph J. Triscaro*
Joseph J. Triscaro (#0081209)
Scott M. Kuboff (#0082703)
TRISCARO & ASSOCIATES, LTD.
30505 Bainbridge Road, Suite 110
Solon, Ohio 44139
Tel: (440) 248-8811
Fax: (440) 248-1599
jtriscaro@demarcotriscaro.com
skuboff@demarcotriscaro.com

*Attorneys for Plaintiffs*
*Jeffrey Paul Ingram and*
*Roseanne Ingram*

13